

# NUMBER 13-13-00581-CV

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARY FOWLER,                                                  **Appellants,**

**v.**

**GUS MONTIS, ARGIRO INVESTMENTS, L.L.C.,**          **Appellee.**

**On appeal from the County Court at Law No. 5
of Nueces County, Texas.**

# ORDER OF ABATEMENT

**Before Justices Rodriguez, Garza, and Perkes
Order Per Curiam**

Appellant Mary Fowler appeals the trial court's judgment of eviction signed by the trial court on October 18, 2013. The judgment states that appellees Gus Montis and Argiro Investments, L.L.C. were entitled to a writ of possession. On October 28, 2013, appellant filed a notice of appeal in the county court. On the same date, appellant filed a

"Personal Surety Bond," in which appellant bound to pay the sum of $5000 and on which appellant's attorney serves as a surety.

On January 13, 2014, appellees Gus Montis and Argiro Investments, L.L.C. filed a "Motion to Enforce Judgment and Issuance of a Writ of Possession for Failure to File Proper Supersedeas Bond". Appellees argue the writ of possession was never served and appellant failed to file the appropriate supersedeas bond to stay the writ as required by Texas Property Code 24.007. *See* TEX. PROP. CODE ANN. § 24.007 (West Supp. 2012) ("A judgment of the county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court.").

Appellant and appellees both state the trial court entered an order modifying its judgment of eviction on December 11, 2013. Our record on appeal does not include this order. Appellee contends the order was entered after the trial court's plenary power had expired.

Having reviewed this record, we conclude findings of fact and conclusions of law are necessary to proper presentation of this appeal. As such, we ABATE the appeal and REMAND the cause to the county court for a hearing to determine whether its writ of possession was stayed, whether appellant timely and sufficiently filed a supersedeas bond, and its jurisdiction to modify the supersedeas bond. The county court shall prepare findings of fact and conclusions of law addressing these issues and any other findings and conclusions that it deems relevant and appropriate pursuant to Texas Rule of Appellate Procedure 24. *See* TEX. R. APP. P. 24. The county court's findings and

conclusions shall be included in a supplemental clerk's record. The supplemental clerk's record and the reporter's record from the abatement hearing shall be filed with this Court no later than March 6, 2014. If the county court requires additional time to comply, the county court should so notify the Clerk of this Court. This appeal will be reinstated after the supplemental clerk's record and the reporter's record is filed.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
10th day of February, 2014.

3